CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

**IN THE UNITED STATES DISTRICT COURT**       MAY 18 2006
**FOR THE WESTERN DISTRICT OF VIRGINIA** JOHN F. CORCORAN, CLERK
**ROANOKE DIVISION**                        BY:
                                          DEPUTY CLERK

| | | |
|---|---|---|
| REGINALD LORENZO BROWN, | ) | |
| Petitioner, | ) | Misc. Case No. 7:06mc00030 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION AND ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | By: Samuel G. Wilson |
| Respondent. | ) | United States District Judge |

Reginald Lorenzo Brown has filed this motion, asking the court to grant an extension to the one-year statute of limitations for filing a motion pursuant to 28 U.S.C. § 2255. If and when Brown files a § 2255 motion, the court may consider his circumstances and determine whether Brown is entitled to equitable tolling of the § 2255 statute of limitations.[1] However, Brown has yet to file a § 2255 motion.[2] Accordingly, it is hereby **ORDERED** and **ADJUDGED** that Brown's motion for an extension is **DENIED**.

---

[1] See U.S. v. Prescott, 221 F.3d 686, 687-89 (4th Cir. 2000) (discussing court's power to toll the one-year statute of limitation for a § 2255 motion due to "circumstances . . . external to the party's own conduct," thus making it "unconscionable to enforce the limitation period against the party") (internal quotations omitted); U.S. v. Williams, 194 F.3d 1307 (4th Cir. 1999) (unpublished) (noting that "there is no recognized authority in this Circuit allowing the district court to grant . . . an extension of time in which to file [a] § 2255 motion"); Green v. U.S., 260 F.3d 78, 82-83 (2d Cir. 2001) ("[A] district court may grant an extension of time to file a motion pursuant to section 2255 only if (1) the moving party requests the extension upon or after filing an actual section 2255 motion, and (2) 'rare and exceptional' circumstances warrant equitably tolling the limitations period.").

[2] Brown does not state his constitutional claims with any particularity in his motion, and he requests forms for filing an eventual § 2255 motion. Therefore, the court will not construe the motion for an extension itself as a § 2255 motion. Moreover, the Fourth Circuit just affirmed Brown's conviction and sentence in April of 2006, meaning Brown's one year to file a § 2255 motion under 28 U.S.C. § 2244(d)(1) only recently commenced. Because Brown has the better part of a year left to file a § 2255 motion, an extension would not be warranted or necessary.

1

**ENTER**: This *18th* day of May, 2006.

_____
UNITED STATES DISTRICT JUDGE

2